# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 )  |
| DURABLA MANUFACTURING COMPANY, | ) Case No. 09-14415 (MFW) ) ) (Joint Administration Requested) |
| Debtor. | ) ) |
| In re | ) ) Chapter 11 ) |
| DURABLA CANADA LTD., | ) Case No. 10-13593 ) |
| Debtor. | ) (Joint Administration Requested) ) |

**JOINT MOTION OF DURABLA MANUFACTURING COMPANY AND DURABLA CANADA LTD. FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION AND (II) APPLYING CERTAIN ORDERS IN THE CHAPTER 11 CASE OF DURABLA MANUFACTURING COMPANY TO THE CHAPTER 11 CASE OF DURABLA CANADA LTD.**

Durabla Manufacturing Company ("DMC" or "Durabla") and Durabla Canada Ltd. ("Durabla Canada"), each a debtor and debtor-in-possession in a separately filed chapter 11 case (collectively, the "Debtors"), hereby jointly move this Court (the "Motion") for entry of an order (i) directing the joint administration of their respective chapter 11 cases and (ii) applying certain orders entered in the chapter 11 case of DMC in and to the chapter 11 case of Durabla Canada to facilitate joint administration of the two (2) cases. In support hereof, the Debtors submit the Affidavit of Kevin Kent ("Affidavit"), which is being filed in the Durabla Canada case concurrently herewith. In further support hereof, the Debtors respectfully state as follows:

## Status of Case and Jurisdiction

1. On December 15, 2009, DMC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the District of Delaware. DMC also filed various motions and applications seeking typical "first day" orders. DMC's case is pending before the Honorable Mary F. Walrath under Case No. 09-14415 (the "DMC Case"). The factual background regarding DMC, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in a Disclosure Statement filed on November 8, 2010, relating to a Joint Plan of Reorganization of DMC and Durabla Canada.

2. On November 8, 2010 (the "Petition Date"), Durabla Canada, a company with common ownership with DMC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

3. Each of DMC and Durabla Canada continues in possession of its assets and continues to manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in the Debtors' respective cases.

4. On January 21, 2010, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the DMC Case (DMC Docket No. 54). Additionally, Lawrence Fitzpatrick was appointed as the legal representative for future asbestos claimants in the DMC Case (the "Futures Representative") (DMC Docket No. 135).

5. The Debtor and DMC have filed, or will file shortly, a Joint Plan of Reorganization that, if approved, will resolve all asbestos related claims and demands against each entity by channeling these claims and demands to an asbestos trust in accordance with Section 524(g) of the Bankruptcy Code. The Plan provides that all creditors other than holders of asbestos claims and demands will be unimpaired. Accordingly, it is expected that all employee related claims will be paid in full under the Plan.

1927199

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for relief requested herein are § 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 1015-1 (the "Local Rules").

## Background of Durabla Canada

### A.     Overview

7.     Each of DMC and Durabla Canada filed a chapter 11 case with the same principal objective: to confirm a joint plan of reorganization that will create a trust under section 524(g) of the Bankruptcy Code to fairly and equitably treat the claims of their respective current and future asbestos-related personal injury claims and provide a means by which to realize upon the value of their respective assets (including shared insurance) for the benefit of such claimants. The Debtors have filed this Motion in order to facilitate the orderly and efficient administration of their respective cases.

### B.     Summary of Durabla Canada's Historical Operations

8.     Durabla Canada was incorporated in Canada in 1922. In 1973, Durabla Canada purchased the manufacturing equipment and know-how for Durabla Black asbestos-containing gasket material from the Debtors' Canadian supplier and set up manufacturing operations in Belleville, Ontario, Canada. It began exporting this gasket material to Durabla Manufacturing Company in the United States in early 1974. It also exported this material internationally.

9.     Durabla Canada is located in Belleville, Ontario, Canada. Kevin Kent is its

President. David Moser is its Chairman of the Board.

C.   **Events Precipitating Durabla Canada' Chapter 11 Filing**

10.   As noted above, Durabla Canada commenced operations in the 1920's as a distributor of gasket materials. In 1973, Durabla Canada purchased the gasket material manufacturing assets from its former supplier and began the production of gasket materials, certain of which contained asbestos, including a product known as "Durabla Black".

11.   For a number of years, Durabla Canada distributed its asbestos containing products in the United States through DMC. Currently, Durabla Canada is distributing certain of its non-asbestos free gasket material products in the United States through Gasket Resources, Inc.

12.   Durabla Canada has been named as a defendant in a number of suits in the United States seeking damages for asbestos-related personal injuries. The number of such suits increased in 2010 in part, the Debtors believe, because of Durabla's Chapter 11 filing.

13.   Durabla Canada commenced its Chapter 11 case on the Petition Date in the United States Bankruptcy Court for the District of Delaware to respond to the anticipated increase in asbestos personal injury claims.

## Relief Requested

14.   By this Motion, the Debtors request that the Court: (i) order the joint administration of their respective bankruptcy cases and (ii) apply certain orders entered in the DMC Case to the chapter 11 case of Durabla Canada to facilitate joint administration of the cases.

*1927199*

## Basis for Relief

### A. Joint Administration Will Ease Administrative Burdens

15. Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Because of its common ownership, Durabla Canada may be an "affiliate" of DMC as such term is defined in § 101(2) of the Bankruptcy Code.

Local Rule 1015-1 provides in relevant part as follows:

> If two or more petitions are pending in the same Court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates, without notice or hearing. An order for joint administrative may be entered upon the filing of a motion for joint administration, together with an affidavit or verification, which establishes that the joint administration of the respective debtors' estates is warranted, will ease the administrative burden for the Court and the parties and protects creditors of different estates against potential conflicts of interest.

16. The joint administration of the Debtors' chapter 11 cases will ease the administrative burden for the Court and parties in interest. Joint administration will permit the Clerk of Court to utilize a single general docket for the two (2) cases and combine notice to creditors of the Debtors' respective estates and other parties in interest. More importantly, it will enable parties in interest to be apprised of the various matters before the Court in both cases (as matters directly involving only one Debtor may have some affect on the other Debtor's estate). Nor will the rights of the Debtors' creditors be prejudiced if the cases are jointly administered. The relief sought herein is purely procedural and will not affect substantive rights of such creditors against one or both Debtors.

17. In order to reflect the joint administration of Durabla Canada's chapter 11 case with that of DMC, the Debtors request that the Clerk of the Court maintain one (1) file and one (1) docket for these jointly administered cases, which file and docket shall be the file and docket

- 5 -

1927199

for DMC.

18. The Debtors request, for all pleadings in these chapter 11 cases, parties in interest should only be required to indicate in the caption that the pleading relates to "Durabla Manufacturing Company and Durabla Canada Ltd." as provided hereunder:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DURABLA MANUFACTURING | ) | Case No. 09-14415 (MFW) |
| COMPANY and DURABLA | ) | |
| CANADA LTD., | ) | (Jointly Administered) |
| Debtors. | ) | |

19. Further, the Debtors seek the Court's direction that a separate docket entry be made on the docket in Durabla Canada's chapter 11 case instructing interested parties to consult the docket in the DMC chapter 11 case, under case number 09-14415, substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Durabla Canada Ltd. and Durabla Manufacturing Company. The docket in the case of Durabla Manufacturing Company, Case No. 09-14415 (MFW), should be consulted for all matters affecting this case.

**B. Application of Certain Orders Entered In DMC's Chapter 11 Case to Durabla Canada Will Avoid Unnecessary Duplication and Expense to Durabla Canada's Estate**

20. By this Motion, the Debtors seek to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on this Court and on the parties-in interest. The Debtors seek to have certain orders previously entered and proposed orders submitted in DMC's chapter 11 case (collectively, the "Specified Orders," which are listed on Exhibit A, Exhibit B and Exhibit C annexed hereto) applied to Durabla Canada in its chapter 11 case to facilitate the joint administration of the chapter 11 cases.

21. Had the Debtors filed their respective chapter 11 petitions on the same day, Durabla Canada would have been a movant with respect to all the Specified Orders. By proceeding in this manner, the Debtors hope to save considerable time and expense and reduce the burden on the Court and parties in interest, while at the same time providing the requisite facts and grounds for granting such relief as if Durabla Canada and DMC were filing the same motions and affidavits. The relief set forth in each of the Specified Orders will obviate the need for duplicative notices, motions, applications and orders to be filed in Durabla Canada's case and will permit Durabla Canada to experience a smooth transition into chapter 11.

### i. Case Administration Orders

22. The Debtors seek to have applied to Durabla Canada's case various orders (as set forth on Exhibit A attached hereto) approving the retention and compensation of the Debtors' professionals. Granting the relief requested in this Joint Motion would authorize the Debtors' engagement of the same bankruptcy counsel, Whiteford Taylor Preston LLC ("Counsel").

23. Additionally, the Debtors seek to have applied certain orders (as set forth on Exhibit A attached hereto) that will facilitate the management and administration of their cases, including, among others, establishing compensation procedures, and scheduling the same omnibus hearing dates. Applying these orders will ensure continuity and efficiency in the administration of the Debtors' chapter 11 cases.

### ii. Committee-Related Orders

24. As stated above, DMC and Durabla Canada likely have overlapping asbestos liabilities. These overlapping claims are reflected in the current composition of the Committee. Thus, the current composition of the Committee represents the asbestos creditor constituencies of each of Durabla Canada and DMC. In the event the United States Trustee appoints the same

- 7 -

1927199

Committee to serve as the committee for Durabla Canada, the Debtors seek to make applicable to Durabla Canada case those orders (as set forth on Exhibit B attached hereto) pertaining to the Committee and its counsel and financial advisors. The Committee has indicated its willingness to represent claimants holding asbestos claims against Durabla Canada.

### iii. Futures Representative-Related Orders

25. Given the potential similarity in the asbestos liability of each of the Debtors, the Debtors believe that the Futures Representative could represent future asbestos claims against both Debtors. For this reason, the Debtors request that the Court appoint the Futures Representative to serve in his same role with respect to Durabla Canada and apply to Durabla Canada's case those orders related to the Futures Representative and his counsel and financial advisors (as set forth on Exhibit C attached hereto). The proposed Futures Representative has indicated his willingness to represent the future asbestos claimants in both cases.

### Authority For Relief Requested

26. The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Similar procedures have been authorized in other chapter 11 cases, to effectuate orders entered in the case of an originally filing debtor to subsequently filing affiliates of that debtor. See, e.g., In re Flinknote Co. Case No. 04-11300 (JFK) (Bankr. D. Del. 2004); In re Chi-Chi's, Inc., Case No. 03-13063 (CGC) (Bankr. D. Del. 2003); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re Exide Technologies, Case No. 02-11125 (KJC) (Bankr. D. Del. 2002); and In re Enron Corp., et al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2002). The Futures

Representative and the Committee support the relief requested herein.

### Notice

27. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 20 largest unsecured creditors (on a consolidated basis); (iii) counsel to the Official Committee of Unsecured Creditors of Durabla Manufacturing Company; (iv) Counsel to the Legal Representative of the Future Asbestos Claimants of Durabla Manufacturing Company; and (v) those parties requesting notice pursuant to Rule 2002 in the DMC case. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Del. Bankr. L.R. 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is required.

### No Prior Request

28. No previous motion for the relief requested herein has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) jointly administering the chapter 11 cases of DMC and Durabla Canada; (ii) applying the Specified Orders to Durabla Canada's chapter 11 case to facilitate joint administration of these cases; and (iii) granting such other relief as is just and proper.

Dated: November 8, 2010
Wilmington, Delaware

Respectfully Submitted,

WHITEFORD TAYLOR PRESTON LLC

/s/ Thomas J. Francella, Jr.
Thomas J. Francella, Jr., Esquire (DE 3835)
Chad J. Toms, Esquire (DE 4155)
1220 N. Market Street, Suite 608
Wilmington, Delaware 19801-2535
Telephone: (302) 357-3252
Facsimile: (302) 357-3272
Email: tfrancella@wtplaw.com
ctoms@wtplaw.com

and

Paul M. Nussbaum, Esquire
Cameron J. Macdonald, Esquire
Whiteford Taylor Preston LLP
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone: (410) 347-8700
Facsimile: (410) 752-7092
Email: pnussbaum@wtplaw.com
cmacdonald@wtplaw.com

**Counsel for Durabla Manufacturing Company and Proposed Counsel for Durabla Canada Ltd.**